Joseph A. Cox, S.
This is an application for probate of a testamentary writing subsequent in date to an instrument dated April 11, 1952 which was admitted to probate by decree of this court on September 27, 1956. That decree was entered in a proceeding instituted by the filing of the verified petition of one of the two nominated executors. The other nominated executor, who was the attorney of record for the proponent in the prior proceeding, did not join in the petition but, instead, executed and filed a waiver of citation, consented to probate and duly qualified as executor, and received letters testamentary jointly with the proponent.
The testimony of the said attorney, together with the testimony of the second of three subscribing witnesses, was offered to establish the due execution of the propounded instrument and to support a decree granting probate to that instrument as the last will and testament of decedent.
An application to compel production of a testamentary writing dated July 11,1956 appeared on the Motion Calendar of this court on April 9, 1957, and in compliance with the Surrogate’s *460 direction the attorney above mentioned forthwith filed the later writing in the probate department of this court.
A petition has since been filed for probate of the later writing. The prayer of this petition is omnibus and requests various forms of relief which are not appropriate for adjudication in a probate proceeding. The proponent of the later instrument requests that a citation issue to the respondents who are named as necessary parties to the proceeding to show cause (1) why both of said instruments taken together should not be admitted to probate, (2) why the prior decree admitting the earlier instrument to probate should not he opened and modified to include the later will, (3) why the executors who heretofore qualified should not be restrained from the exercise of their powers and authority pending the outcome of the proceeding for probate of the later instrument, (4) why the letters testamentary heretofore issued under the earlier will should not be revoked, and (5) why letters of administration with the later will annexed should not be granted to the sole beneficiary named in the later will.
The later writing is crudely drawn in penscript and bears the purported signature of the decedent and two witnesses. It disposes of three bank deposits in favor of the sole beneficiary named “ in case anything should happen to me in this operation.” It fails to appoint an executor. It does not contain a clause revoking prior wills. Although the dispositive provisions of the later instrument relative to the three bank deposits just mentioned are inconsistent with the earlier will, the later writing, as a whole, appears to be supplementary to the earlier will and not repugnant to it.
Therefore, the Surrogate rules that there is nothing to warrant the vacatur or amendment of the prior decree at this time (Matter of Terrance, 32 N. Y. S. 2d 540). Upon proof of the due execution thereof, the later writing and the will heretofore admitted to probate may be admitted to probate as together constituting the last will and testament of the decedent (Campbell v. Logan, 2 Bradf. 90). Furthermore, there is no vacancy in the office of executor which would permit the institution of an application for letters of administration with the will annexed at this time. Any application for the removal of one or more of the executors or for an injunction against their functioning pending the hearing on the issues relative to the alleged suppression of the later writing, should be made by collateral or independent application. The rights of the beneficiary named in the later writing may be adequately safeguarded in those pro *461 ceedings by the imposition of such restraints upon the fiduciaries and their continuance in office as the Surrogate may deem proper. The citation to be issued herein shall set forth as the object of this proceeding a judicial determination that the two instruments above described be admitted to probate as the last will and testament of the decedent.
Proceed accordingly.